# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD D. TAYLOR and <br> TERRI TAYLOR, | ) <br> ) <br> ) |
| Plaintiffs, | ) Civil Action No. 08-611 <br> ) |
| v. | ) Magistrate Judge Bissoon[1] <br> ) |
| NOEL PILEWSKI, *et al.*, | ) <br> ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Allegheny County and Ramon C. Rustin's Motion to Dismiss (Doc. 11) will be granted in part and denied in part, and Plaintiff will be permitted to amend his pleadings.

## BACKGROUND

Plaintiff Ronald D. Taylor ("Plaintiff") brings this Section 1983 claim against the Township of Robinson and certain of its police officers ("the Robinson Defendants"), Allegheny County (at times, "the County"), and the warden of its Jail, Ramon C. Rustin ("Rustin" or "the Warden"). *See generally* Compl. (Doc. 1). Plaintiff's wife, Terri Taylor, has filed a loss of consortium claim based on her husband's underlying Section 1983 claims. *See id.* at ¶ 19. The Robinson Defendants have answered the Complaint, *see* Doc. 17, and the County and Warden have moved to dismiss. *See generally* Defs.' Br. (Doc. 14).

Plaintiff's factual allegations are summarized in the "Introduction" to his Complaint:

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 15, 16 & 18).

> This action . . . aris[es] from [Plaintiff]'s arrest on May 11, 2006 and the injuries he sustained incident to that arrest. The police officers' use of force exceeded that which [was] reasonable and necessary, violating . . . universal standards of decency and depriving [Plaintiff] of his constitutional rights. . . .
>
> [Incident] to the arrest, . . . [Plaintiff] suffered severe . . . injury to his right leg . . . . Defendants exhibited a deliberate indifference to [his] serious medical needs[,] . . . depriving [Plaintiff] of his constitutional rights.
>
> The acts of the individual [D]efendants were carried out in accordance with the customs, policies, practices, or procedures of the defendant Township of Robinson and/or Allegheny County.

Compl. at ¶ 1. Regarding the County and Warden specifically, Plaintiff alleges he was denied medical attention for over fourteen hours while detained in the County Jail. *Id.* at ¶ 14.

**ANALYSIS**

    **A.**     **The Claims Against the Warden Will Be Dismissed Without Prejudice.**

It is unclear whether the Warden has been sued in his official or individual capacity. *Compare* Compl. at ¶ 9 (Rustin is "an adult individual" who acted "in his capacity as Warden") *with* Defs.' Br. at 3-6 (seeking dismissal of both individual and official capacity claims). To the extent he is named in his official capacity, the claims against Rustin are redundant of those against Allegheny County and will be dismissed. *See* <u>Christy v. Pennsylvania Turnpike Comm'n</u>, 54 F.3d 1140, 1143 n.3 (3d Cir. 1995) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent") (citations and internal quotations omitted); *see also* <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 697 (3d Cir. 1996) ("[government] officials acting in their official capacities are not 'persons' under § 1983") (citation omitted, internal quotations in original).

As to individual capacity, Defense counsel is correct that Plaintiff must allege the Warden played an "affirmative part," by act or omission, in the purported misconduct. *See* Greer v. York County Prison, 2008 WL 3819866, *2 (M.D. Pa. Aug. 11, 2008); *see also id.* (plaintiff must allege "the supervising official personally participated in the activity," he "directed others to violate a person's rights," or "had knowledge of and acquiesced in a subordinate's violations") (citations to binding Third Circuit authority omitted). Plaintiff's current allegations are deficient, and his request to amend will be granted. *Compare* Compl. at ¶ 9 (alleging only that Warden acted under color of state law and pursuant to County's customs, practices or policies) *and id.* at ¶ 14 (Jail guards denied Plaintiff medical attention) *with* Pls.' Opp'n Br. (Doc. 19) at 4 (recognizing potential deficiency of pleadings and requesting opportunity to amend).

### B. The Warden's Request for Dismissal Based on Qualified Immunity Is Premature.

Given the lack of clarity surrounding Plaintiff's claims against the Warden and Plaintiff's potential amendment of those claims, the Court lacks sufficient context to meaningfully assess the Warden's claim(s) of qualified immunity. *Cf. generally, e.g.,* Rahn v. Nardolillo, 2008 WL 570955, *2 n.2 (E.D. Pa. Feb. 27, 2008) (finding question of qualified immunity "premature" given grant of leave to amend). Once Plaintiff has amended his Complaint, the Warden may renew his request for dismissal, if appropriate.[2]

---

[2] The Court notes that, should Plaintiff allege sufficient claims of supervisory liability against the Warden, Federal Rule 12(b)(6) disposition based on a qualified immunity defense may prove difficult to establish. *See* Sindram v. Fox, 2007 WL 3225995, *4 (E.D. Pa. Oct. 31, 2007) ("the imperative to decide qualified immunity issues early in the litigation is in tension with the reality that factual disputes often need to be resolved before determining whether the defendant's conduct violated a clearly established constitutional right"; thus, "the standard of review for a Rule 12(b)(6) motion favors denying qualified immunity") (citations to binding Third Circuit authority omitted); *cf. also* Gruenke v. Seip, 225 F.3d 290, 299-300 (3d Cir. 2000) ("[t]he evaluation of a qualified immunity defense [normally] is appropriate for summary judgment,"

## C. The Claims Against Allegheny County Will Be Dismissed Without Prejudice.

To state a claim against the County, Plaintiff must identify a custom, practice or policy that led to his alleged constitutional deprivations. Palmer v. City of Harrisburg, 2008 WL 1838632, *3 (3d Cir. Apr. 25, 2008) (citing *Monell*). The current pleadings assert only that the County acted pursuant to an unidentified custom, policy, or practice and exhibited a deliberate indifference to Plaintiff's medical needs. *See* Compl. at ¶ 1.

While a plaintiff may establish *Monell* liability based on deliberate indifference, he is required to identify the custom, policy, or practice resulting in the same. *See, e.g.*, Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal without prejudice appropriate where plaintiff did not allege jail "had a policy of denying medical treatment to inmates," "[n]or [did] he [claim] other inmates suffered similar deprivations of medical attention that might establish a custom"); Stankowski v. Farley, 487 F. Supp.2d 543, 554-55 (M.D. Pa.) (dismissing Section 1983 claim where plaintiff complained during incarceration of defendant's failure to treat his injury, "but [he did] not point to any policy that caused [the] failure"), *appeal dismissed*, 2007 WL 3089539 (3d Cir. Oct. 24, 2007). As such, Plaintiff's current pleadings are deficient and he is granted leave to amend to address this deficiency.

## D. Terri Taylor Lacks Standing to Sue Under Section 1983.

It is well established that that a spouse has no standing to assert Section 1983 claims based on violations of the other spouse's civil rights. Soder v. Chenot, 2007 WL 4556670, *3 (M.D. Pa. Dec. 20, 2007) (citations omitted); *accord* Hogan v. City of Easton, 2004 WL 1836992, *6 (E.D. Pa. Aug. 17, 2004) (collecting cases). The opinion cited in Plaintiff's

---

and "[the] admittedly fact-intensive analysis must be conducted by viewing the facts alleged in the light most favorable to the plaintiff").

opposition brief is, in relevant part, consistent with the other decisions in this Circuit. *Compare* Pls.' Opp'n Br. at 7 (opposing dismissal based on Pahle v. Colebrookdale Twp., 227 F. Supp.2d 361 (E.D. Pa. 2002)) *with* Pahle at 380-81 ("a spouse . . . has no standing to raise § 1983 claims resting on violations of her husband's constitutional rights," and "we agree with other decisions by District Courts in our Circuit that have [rejected loss of] consortium claims in conjunction with § 1983") (citations omitted).

Therefore, Terry Taylor's derivative claim is dismissed with prejudice.

## **CONCLUSION**

For the reasons stated above, the Court hereby **ORDERS** that Allegheny County and Ramon C. Rustin's Motion to Dismiss (Doc. 11) is GRANTED IN PART and DENIED IN PART, as follows: the individual capacity claims against Rustin are DISMISSED WITHOUT PREJUDICE; Rustin's request for dismissal based on qualified immunity is DENIED as premature; the claims against Allegheny County are DISMISSED WITHOUT PREJUDICE; and Plaintiff Terri Taylor is DISMISSED WITH PREJUDICE from this lawsuit.

IT IS HEREBY FURTHER ORDERED that, **by September 19, 2008**, Plaintiff shall amend his Complaint consistent with the discussions above or face the dismissal of his claims against the County and Warden with prejudice. Having been placed on notice of the deficiencies in his pleadings, Plaintiff will enjoy no further opportunity for amendment.

Once Plaintiff has amended his Complaint, Defendants shall plead or otherwise respond to the amended pleadings in conformity with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

September 8, 2008                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States Magistrate Judge

cc (via email):

Colleen P Kartychak, Esq.
Edmond R. Joyal, Jr., Esq.
Craig E. Maravich, Esq.
Michael H. Wojcik, Esq.