# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD D. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-611 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| NOEL PILEWSKI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Allegheny County and Ramon C. Rustin's Motion to Dismiss the Amended Complaint (Doc. 28) will be granted, and the claims against these Defendants will be dismissed with prejudice.

## BACKGROUND

In a Memorandum Order dated September 8, 2008 (Doc. 22, hereinafter "the September 8th Order"), the Court dismissed without prejudice Plaintiff's claims against Allegheny County ("the County"), and the warden of its Jail, Ramon C. Rustin ("Rustin" or "the Warden"). *See id.* at 5.

Regarding Rustin, the Court explained:

> It is unclear whether the Warden has been sued in his official or individual capacity. . . . To the extent he is named in his official capacity, the claims against Rustin are [dismissed as] redundant of those against [the] County . . . . [because] official capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent . . . .
>
> As to individual capacity, . . . Plaintiff must allege [that] the Warden played an affirmative part, by act or omission, in the purported misconduct. . . .[, *i.e.*,] the supervising official

> personally participated in the activity, he directed others to violate
> a person's rights, or had knowledge of and acquiesced in a
> subordinate's violations . . . . Plaintiff's current allegations are
> deficient, and [he may attempt to cure his pleadings through]
> amendment . . . .

*Id.* at 2-3 (citations and internal quotations omitted).

Regarding the County, the Court held:

> To state a claim against the County, Plaintiff must identify a
> custom, practice or policy that led to his alleged constitutional
> deprivations. . . . The current pleadings assert only that the County
> acted pursuant to an unidentified custom, policy, or practice and
> exhibited a deliberate indifference to Plaintiff's medical needs.
>
> While a plaintiff may establish *Monell* liability based on deliberate
> indifference, he is required to identify the custom, policy, or
> practice resulting in the same. . . . As such, Plaintiff's current
> pleadings are deficient and he is granted leave to amend . . . .

*Id.* at 4 (citations and internal quotations omitted).

Thereafter, Plaintiff filed an Amended Complaint attempting to overcome the deficiencies identified above. *See* Am. Compl. (Doc. 25). Rustin and the County have renewed their Motion to Dismiss (*see* Doc. 28), and Plaintiff has not timely responded in opposition. *See* Case Mgmt. Order (Doc. 27) at ¶ 7 (motions shall be resolved "in accordance with the Court's Practices and Procedures" and "**[n]o [separate] briefing schedule will issue**") (emphasis in original); *see also* Practices and Procedures of Magistrate Judge Cathy Bissoon (available at http://www.pawd.uscourts.gov/Documents/Public/Reference/bissoon.pdf) at § 2(D) ("[r]esponses to motions to dismiss shall be filed within twenty (20) days").[1]

---

[1] Even if Plaintiff had timely opposed the renewed Motion to Dismiss, it is difficult to imagine how his responses could lead the Court to different conclusions. The Court's September 8th Order identified with particularity the deficiencies in Plaintiff's original Complaint, and

2

Thus, the renewed Motion to Dismiss is ripe for adjudication.

**ANALYSIS**

    **A.    Plaintiff's Allegations Against the Warden Remain Insufficient Under the Law.**

To the extent Plaintiff alleges official capacity claims, they already have been dismissed as redundant of the claims against the County. *See* Sept. 8th Order at 2. As for individual liability, Plaintiff's additional allegations are limited to the following:

> [On information and belief,] . . . Rustin's acts or omissions . . . were not in accordance with [the] County's adopted and/or accepted policies, procedures, and/or guidelines regarding inmate/detainee requests for medical assistance, arrest and detention procedures governing . . . Jail personnel, and inmate/detainee intake evaluations[,] and . . . Rustin, acting as [an] . . . agent of . . . [the] County, failed to follow such policies, procedures and/or guidelines.

Am. Compl. at ¶ 16.

Plaintiff again has failed to state how the Warden played an affirmative part, by act or omission, in purported constitutional misconduct. *See* discussions *supra*. He alleges no facts demonstrating that Rustin personally participated in unlawful activity, that he directed others to violate Plaintiff's rights, or had knowledge of and acquiesced in a subordinate's violations. *See id.*; *see also* Scantling v. Vaughn, 2004 WL 306126, *9-10 (E.D. Pa. Feb. 12, 2004) (dismissing "conclusory allegations of supervisory liability" under Section 1983, where plaintiff "ma[de] no factual allegations that [defendant] knew of and acquiesced in the actions of his subordinates," nor were there averments "of a direct causal link between any act or failure to act and the denial[] of medical care"); Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162,

---

adjudication of the current Motion requires only a comparison of the amended pleadings with the legal standards previously identified.

3

173 n.7 (3d Cir. 2008) (applying Supreme Court's recent 12(b)(6) "plausibility" standard beyond context of antitrust cases, and requiring enough "[f]actual allegations . . . to raise a right to relief above the speculative level") (citations and internal quotations omitted).[2]

Plaintiff has failed to remedy his pleading deficiencies, and the claims against the Warden will be dismissed.

### B. Plaintiff's Claims Against the County Also Remain Deficient.

The only amendments to Plaintiff's *Monell* claims are as follows:

> [On information and belief,] . . . [the] County has adopted and/or accepted policies, procedures and/or guidelines regarding inmate/detainee requests for medical assistance, arrest and detention procedures governing . . . Jail personnel, and inmate/detainee intake evaluations[,] and . . . agents of [the] County failed to follow such policies, procedures and/or guidelines.

Am. Compl. at ¶ 15.

Plaintiff still has failed to identify a custom, policy, or practice resulting in the County's deliberate indifference to serious medical needs. *See* Sept. 8th Order at 4. He has not alleged, for example, that the Jail "had a [blanket] policy of denying medical treatment to inmates," or that other detainees "suffered similar deprivations of medical attention that might establish a custom." *Id.* (quoting Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).

---

[2] The Court believes that Plaintiff's allegations of supervisory liability are insufficient on their face. Even were they not, Plaintiff avers only that Rustin failed to adhere to the Jail's unspecified "policies, procedures, and/or guidelines" regarding detainees' requests for medical assistance. *See* Am. Compl. at ¶ 16. There is no basis to conclude that any such unspecified policy, procedure, or guideline was constitutionally required, or that the Warden's presumed knowledge or acquiescence in noncompliance rose to the level of deliberate indifference. *See* discussion *infra* in text regarding County.

Rather, through an apparent misinterpretation of *Monell*, Plaintiff has pled the existence of <u>affirmative</u> policies and procedure that -- if followed -- would have prevented his harm. *See* discussion *supra* (alleging existence of "policies, procedures and/or guidelines regarding inmate/detainee requests for medical assistance" that went unobserved by County agents). This construction presents somewhat the inverse of the municipal liability standard, which requires Plaintiff to allege a "policy, custom or practice that <u>caused</u> . . . constitutional violations." <u>Stankowski v. Farley</u>, 2007 WL 3089539, *3 (3d Cir. Oct. 24, 2007) (citations omitted, emphasis added); *accord* <u>Jackson v. County of Wayne</u>, 2007 WL 418726, *2 (3d Cir. Feb. 7, 2007) ("a necessary element" under *Monell* is "the causal connection between the policy or custom and [plaintiff's] alleged constitutional injury").

This distinction is quite significant, as the law makes clear that a municipal body's failure to follow internal procedures, in and of itself, is insufficient to state a constitutional claim. *See* <u>Sterling v. Smith</u>, 2007 WL 781274, *2 n.1 (S.D. Ga. Mar. 8, 2007) (courts are "not concerned with violations of a prison's internal policies unless they violate the Constitution"); <u>Freeman v. Evans</u>, 2006 WL 3545031, *5 (W.D. Okla. Dec. 7, 2006) ("[a]n inmate's claim concerning prison officials' alleged violation of internal policy does not offend[] a fundamental constitutional guarantee") (citation and internal quotations omitted, some alterations in original); *see also* <u>Smith v. Freland</u>, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [defendant] violated the Constitution"; "[a municipality] can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983").

In sum, Plaintiff fails to identify a policy, custom or practice that caused purported constitutional deprivation(s). Nor can one be reasonably inferred from the allegations in the

5

Amended Complaint. Plaintiff's claims against the County fail under the law, and they must be dismissed.

## C. Further Opportunity for Amendment Will Not Be Granted.

Having failed to respond to the renewed Motion to Dismiss, Plaintiff obviously has not sought leave for additional amendment. Moreover, the Court's September 8th Order specifically stated that Plaintiff, "[h]aving been placed on notice of the deficiencies in his pleadings," would "enjoy no further opportunity for amendment." *Id.* at 5. These facts, coupled with the fact that Plaintiff is represented by counsel, leads the Court to conclude that granting additional leave to amend is unwarranted. *See generally* Wortham v. Akron Pub. Sch., 2008 WL 762530, *2 (N.D. Ohio Mar. 20, 2008) (even where plaintiff is *pro se*, "[the c]ourt need not provide endless opportunities for [him] to get [his] complaint right"); *cf. also generally* Lake v. Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000) (district court "has substantial leeway in deciding whether to grant leave to amend," and its discretion is "even broader" where "the court has already granted the requesting party an opportunity to amend [his] complaint") (citations omitted).

## CONCLUSION

For all of the reasons stated above, Allegheny County and Ramon C. Rustin's Motion to Dismiss the Amended Complaint (**Doc. 28**) is **GRANTED**, and these Defendants are **DISMISSED WITH PREJUDICE**.


November 7, 2008                         s/Cathy Bissoon
                                         Cathy Bissoon
                                         United States Magistrate Judge

cc (via email):


Colleen P Kartychak, Esq.
Edmond R. Joyal, Jr., Esq.
Craig E. Maravich, Esq.
Michael H. Wojcik, Esq.